# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:15-CV-00043-RLV

| | | |
|---|---|---|
| **RAYMOND KNOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **NATIONSTAR MORTGAGE, LLC, AND THE FEDERAL HOME MORTGAGE CORPORATION,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Raymond Knott's Motion for Default Judgment against the Federal Home Mortgage Corporation (Doc. No. 14) and Defendant Federal Home Mortgage Company's Motion to Set-Aside Entry of Default (Doc. No. 16). These matters are now ripe for the Court's consideration.

## I.     BACKGROUND

The complaint in this action was filed by the Plaintiff, acting *pro se*, on April 6, 2015. [Doc. No. 1]. Defendant Federal Home Mortgage Corporation (hereinafter, referred to as "Defendant Home" or "Home") was served with the summons and complaint on April 20, 2015. *See* [Doc. No. 11]. Home never filed an answer or motion to dismiss the complaint. On May 15, 2015, Plaintiff moved for entry of default against Home. [Doc. No. 12]. Default was entered by the Clerk on the same day. [Doc. No. 13]. On June 11, 2015, Plaintiff moved for default judgment. [Doc. No. 14]. Home, through counsel, moved to set-aside the entry of default on June 18, 2015. [Doc. No. 16].

In its Motion, Defendant Home represents that it failed to timely answer or otherwise defend against the complaint because of a miscommunication between it and Nationstar Mortgage, LLC, the other defendant to this lawsuit. *See* [Doc. No. 16-2] at pp. 2-3 (¶¶ 4-7). According to Home, Nationstar was obligated to obtain counsel to defend Home against this lawsuit but failed to do so. *See id.* As a result of the miscommunication, Defendant Home was unaware that counsel had not been hired to represent it in this matter, and was similarly unaware of the fact that default had been entered. *See id.* at p.3 (¶ 8). Upon learning these facts, Home took immediate action to secure counsel and to communicate its intent to defend against this action on the merits. *See id.* at pp. 3-4 (¶¶ 9-14). Defendant has sworn that it has acted, at all times, in good faith and without intent to evade or delay this litigation. *Id.* at p. 3 (¶ 15).

## II.     DISCUSSION

Plaintiff's motion for default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 55. Upon a showing that a party against whom judgment is sought has failed to plead or otherwise defend, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). After the clerk has entered a default, the plaintiff may seek a default judgment. *See* Fed. R. Civ. P. 55(b). The entry of a default judgment is left to the sound discretion of the court and no party is entitled to a favorable entry of default judgment as a matter of right. *See Black v. F & S, LLC*, 2008 U.S. Dist. LEXIS 100577, at *6 n.6 (W.D.N.C. 2008) (Voorhees, J.) (citing *United States v. Ragin*, 113 F.3d 1233, 1997 U.S. App. LEXIS 11827, at *5 (4th Cir.1997)); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir.1986)) *see also Advantage Media Group v. Debnam*, 2011 U.S. Dist. LEXIS 62678, at *3 (M.D.N.C. 2011); *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009); *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Without question, because the American civil litigation system is adversarial by nature, it is the "strong

policy" of the Fourth Circuit to decide cases on their merits. *See, e.g., Colleton Prep. Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417-21 (4th Cir. 2010). However, default judgment serves as an appropriate remedy in certain circumstances where the adversarial system breaks down. *See Silvers v. Iredell Cnty. Dep't of Soc. Servs.*, 2016 U.S. Dist. LEXIS 13865, at * 9-10 (W.D.N.C. Feb. 3, 2016) (Voorhees, J.). A breakdown typically occurs where a party, against whom affirmative relief is sought, refuses to engage in adversarial litigation. *Id.*

A motion to set-aside the entry of default is governed by Rule 55(c) of the Federal Rules of Civil Procedure. Under Rule 55(c), a court may set-aside the entry of a default "for good cause." *See* Fed. R. Civ. Pro. 55(c). The United States Court of Appeals for the Fourth Circuit has set forth the relevant factors to make this determination as follows:

> When deciding whether to set aside an entry of default, a district court should consider (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic.

*Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (citations omitted). This "good cause" standard is liberally construed "'in order to provide relief from the onerous consequences of defaults . . . .'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.")).

The Court has reviewed the parties' submissions and finds that there has not been a complete breakdown in the adversarial system such that a default judgment against Defendant Home would be appropriate. Accordingly, the Court finds that it is appropriate for this matter to be resolved on the merits rather than through a procedural default. Further, the Court finds that,

after considering and applying the factors enunciated by the Fourth Circuit, Defendant has shown "good cause" justifying relief from the Clerk's entry of Default.

**III.    DECRETAL**

**IT IS, THEREFORE, ORDERED THAT**

(1)    The Plaintiff's Motion for Default Judgment (Doc. No. 14) is **DENIED**;

(2)    The Defendant's Motion to Set-Aside Entry of Default (Doc. No. 16) is **GRANTED**; and

(3)    Defendant shall file an answer or motion in response to the complaint within **FOURTEEN (14) DAYS** of the date of this Order.

**SO ORDERED**.

Signed: March 2, 2016

Richard L. Voorhees
United States District Judge