# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:15-CV-00043-RLV

| | |
|---|---|
| RAYMOND KNOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONSTAR MORTGAGE, LLC, ) <br> ) <br> ) <br> ) <br> Defendant. ) <br> ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff Raymond Knott's Motion (Request) for Issuance of Subpoenas (the "Motion") (Doc. 27). Defendant Nationstar Mortgage, LLC ("Nationstar") has not filed a response and the time to do so has elapsed. For the reasons stated below, Plaintiff's Motion (Doc. 27) is **DENIED**.

## I.   BACKGROUND

This case concerns foreclosure proceedings regarding a residence at 125 Colville Road, Mooresville, North Carolina 28117 (the "Property"). (Doc. 1-1). In 2007, Plaintiff mortgaged the Property by signing a Note and a Deed of Trust that identified Countrywide KB Home Loans ("Countrywide") as the lender and Note holder. (Doc. 1 at 3; Doc. 1-1; Doc.1-2). Subsequently, the Superior Court for Iredell County issued an order allowing foreclosure on the Property. (Doc. 1 at 4; Doc. 1-6). In his complaint, Plaintiff alleges fraud by Nationstar based on its attempt to enforce the state court order allowing foreclosure even though, according to Plaintiff, Nationstar does not own Plaintiff's mortgage or possess the Note. (Doc. 1 at 3). Nationstar moved to dismiss Plaintiff's complaint, (Doc. 7), and this Court granted the motion in part and denied it in part,

(Doc. 23 at 1).[1]  Specifically, the Court denied Nationstar's Motion to Dismiss with respect to Plaintiff's fraud claim because Plaintiff alleged the essential elements of fraud with sufficient particularity and because Nationstar failed to produce any documentation, such as a copy of the Note, establishing its right to enforce the order of the Superior Court of Iredell Court allowing foreclosure.  (Doc. 23 at 12).  The Court's Order on Nationstar's Motion to Dismiss outlines the history of the Note and mortgage, as put forth by Plaintiff.  *Id.* at 2.

Nationstar subsequently answered Plaintiff's Complaint, asserting various defenses.  (Doc. 26).  Shortly thereafter, Plaintiff filed the Motion at issue in this Order.  (Doc. 27).  Although this case has not yet progressed to the discovery phase, Plaintiff's Motion requests the issuance of subpoenas by the Clerk of Court.  *Id.*  According to Plaintiff he "previously requested subpoenas from the Clerk, but was told he would have to file a written motion or request for them." *Id.* at 1.  Specifically, Plaintiff seeks to subpoena documents from LSF9 Master Participation Trust and Mortgage Electronic Registration Systems, Inc., two nonparties to this action (hereinafter collectively referred to as the "Nonparties").  *Id.* at 1-2.  From LSF9 Master Participation Trust, Plaintiff "seeks documentation of the chain of title/custody of the (promissory) Note." *Id.* at 2.  From Mortgage Electronic Registration Systems, Inc., operator of the MERS® System, Plaintiff seeks documents showing "the chain of title/custody of the mortgage." *Id.*

## II. DISCUSSION

Plaintiff's Motion (Request) for Issuance of Subpoenas is governed by Fed. R. Civ. P. 45.  Subject to the limitations discussed below, Rule 45 may be utilized to compel production of documents from individuals and entities who are not parties to an action.  *See* Fed. R. Civ. P. 34(c)

---

[1] Although, Plaintiff also named The Federal Home Loan Mortgage Corporation ("FHLMC") as a defendant and made a similar allegation of fraud, (Doc. 1 at 6-7), this Court granted FHLMC's motion to dismiss, (Doc. 21), finding that Plaintiff failed to plead a claim against FHLMC with the requisite particularity mandated by Fed. R. Civ. P. 9(b), (Doc. 23 at 13).

("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Rule 45 provides that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3). Since the power of attorneys to issue subpoenas is based on their status as officers of the court, *pro se* litigants, such as Plaintiff, must request issuance of a subpoena from the Clerk of Court. *Carbajal v. Serra*, 2012 WL 1229879, at *2 (D. Colo. Apr. 12, 2012).

The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b). *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016) (noting that Rule 26(b) "delineates the general scope of discovery"); *see* Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b)(1) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Here, the documents sought by Plaintiff would certainly fall within the liberal standard of Rule 26, which favors open discovery.

There are, however, limitations on the issuance of subpoenas. One such limitation is the time frame in which subpoenas may be issued. Although Rule 45 is silent as to when a party may begin issuing subpoenas, subpoenas are discovery devices and, as such, are subject to the provisions of Fed. R. Civ. P. 26(d) governing the start of discovery. *See Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002) (collecting cases and stating, "the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery"). Rule 26(d)(1) states that "[a] party may not seek discovery from *any source*

before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."[2] Fed. R. Civ. P. 26(d)(1) (emphasis added). Furthermore, the Local Rules of this Court provide that, "[o]fficial Court-ordered and enforceable discovery does not commence until issuance of the Scheduling Order. While parties are encouraged to engage in consensual discovery before such period . . . the Court will only enforce discovery that is conducted within the context of the Scheduling Order or where leave is granted . . . ." Local Rule 26.1.

Here, Plaintiff's request for the issuance of subpoenas was made prior to the commencement of the discovery phase of litigation. In order for the case to proceed to discovery, the parties must engage in, or Plaintiff must opt out of, the Pro Se Settlement Assistance Program (the "Program"). (Doc. 28). As stated in the "Notice of Availability of Pro Se Settlement Assistance Program," the Plaintiff has the option of participating in a settlement conference, and to be appointed an attorney who will provide free legal advice in the settlement conference process if Plaintiff so requests within fourteen days of the Notice.[3] *Id.*

In the event that the case is not resolved through the Program, or if Plaintiff opts out of the Program, the case will proceed to a pretrial conference, which establishes the parameters and time frame for the discovery phase. The pretrial conference process, which is governed by Fed. R. Civ. P. 26(f) and Local Rule 16.1, requires that parties confer and conduct an Initial Attorney's Conference ("IAC"). Within seven days of the IAC, the parties must complete and file the

---

[2] Plaintiff does not contend that any exceptions to the timing limitation on discovery applies to this case or to his request for subpoenas. (*See* Doc. 27).
[3] Although the legal assistance provided by a Program attorney assigned to assist a pro se plaintiff is free, a plaintiff who opts into the Program is required to pay a portion of the costs of mediation, including the mediator fee, unless the Court determines that Plaintiff is indigent or the parties reach an agreement to the contrary. (Doc. 28 at 1). More information on the Program and the *pro se* litigation process can be found on the Court's website at http://www.ncwd.uscourts.gov/filing-without-attorney, and in the Pro Se Litigant Guide available at http://www.ncwd.uscourts.gov/sites/default/files/forms/ProSeLitigantGuide2015.pdf.

"Certification of Initial Attorney's Conference Form," which must include a proposed discovery plan. Finally, unless the parties request a pretrial conference with the Court, the Court will enter a Pretrial Order based on the party's discovery plan. Only once the Court enters a Pretrial Order may Plaintiff utilize subpoenas to compel the production of documents from the Nonparties.

An additional limitation on subpoenas relevant to the case at hand concerns a party's ability to seek documents from nonparties without first seeking the documents from the opposing party through discovery devices. The subpoena process cannot be used to circumvent party-discovery restrictions in the discovery rules. *See Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385 (D.S.C. 2016). As noted above, subpoenas under Rule 45 are discovery devices and, as such, are subject to the general provisions of Rule 26 that govern discovery. Under Rule 26(b)(2)(C)(i), a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal Rules of Civil Procedure] or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or *can be obtained from some other source* that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). In addition, pursuant to Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On the basis of Rules 26(b) and 45(d)(1), courts have concluded that it is practical to require the subpoenaing party to make an attempt to obtain information from an opposing party prior to subpoenaing nonparties. *See Enviropak Corp. v. Zenfinity Capital, LLC*, 2014 WL 4715384, at *4 (E.D. Mo. Sept. 22, 2014) (quashing subpoena against nonparty because "Defendant can seemingly obtain the same or similar information from Plaintiff without burdening [nonparty]").

Here, Plaintiff has not offered any justification as to why the documents sought from the Nonparties could not be obtained from Nationstar. (*See* Doc. 27). Thus, once discovery is proper in its timing according to the rules described herein, Plaintiff should attempt to obtain the requested information and documentation from Nationstar before serving the Nonparties with subpoenas. If Plaintiff is unable to obtain the relevant information and documentation from Nationstar through discovery, Plaintiff may then, in accordance with Rule 45, request that the Clerk provide him subpoena forms for the Nonparties. The Court, however, advises Plaintiff that if he procures subpoena forms for the Nonparties, he must serve notice and a copy of any subpoena on Nationstar before serving the subpoena on a nonparty. *See* Fed. R. Civ. P. 45(a)(4).

### III.　DECRETAL

**IT IS, THEREFORE, ORDERED THAT** Plaintiff's Motion (Request) for Issuance of Subpoenas (Doc. 27) is **DENIED**.

Signed: May 15, 2017

Richard L. Voorhees
United States District Judge